UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-cv-4780 |
| v. | § | |
| | § | Jury Trial Demanded |
| ALIPH, INC. d/b/a JAWBONE, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is a patent infringement action by iLife Technologies, Inc. ("Plaintiff" or "iLife") against Aliph, Inc. d/b/a Jawbone ("Defendant" or "Jawbone").

## PARTIES

1. iLife Technologies, Inc. is a Texas corporation with its principal place of business in this Judicial District.

2. Aliph, Inc. d/b/a Jawbone is a Delaware corporation with its principal place of business at 99 Rhode Island Street, 3rd Floor, San Francisco, CA 94103. Jawbone has appointed Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in Texas and in the Northern District of Texas, and has committed and continues to commit acts of patent infringement in Texas and in the Northern District of Texas. Defendant has directly or indirectly infringed the asserted patents in the Northern District of Texas by making, importing, using, selling, or offering for sale products and services covered by the asserted patents in Texas and in this District; directly or indirectly placing the same into the stream of commerce to be included in infringing goods and services used, distributed, marketed, sold, or offered for sale in Texas and in this District; and knowingly inducing or contributing to others' infringement of the asserted patents by contracting with and directing others to use, distribute, market, sell, or offer for sale infringing products and services for which there are no substantial noninfringing uses in Texas and in this District.

5.     Defendant has established minimum contacts with the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice by deriving substantial revenue from the sale and use of products and services, including the accused products and services, within this District; expecting or being in a position to reasonably expect its actions to have consequences within this District; and regularly doing business, soliciting business, engaging in other persistent acts of conduct, and deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

6.     iLife is a Texas company with its principal place of business in this District. These acts cause injury to iLife within the District.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## PATENTS IN SUIT

8. iLife is the owner by assignment of all rights, title, and interest in and under the following United States Patents and has standing to sue for the past, present, and future infringement of the following United States Patents:

| Patent | Title | Issue Date | Exhibit |
|---|---|---|---|
| U.S. Pat. No. 6,307,481 ("the '481 Patent") | "Systems for Evaluating Movement of a Body and Methods of Operating the Same" | 10/23/2001 | Ex. 1 |
| U.S. Pat. No. 6,703,939 ("the '939 Patent") | "System and Method for Detecting Motions of a Body" | 03/09/2004 | Ex. 2 |
| U.S. Pat. No. 6,864,796 ("the '796 Patent") | "Systems within a communication device for evaluating movement of a body and methods of operating the same" | 03/08/2005 | Ex. 3 |
| U.S. Pat. No. 7,095,331 ("the '331 Patent") | "System and Method for Detecting Motion of a Body" | 08/22/2006 | Ex. 4 |
| U.S. Pat. No. 7,145,461 ("the '461 Patent") | "System and Method for Analyzing Activity of a Body" | 12/05/2006 | Ex. 5 |
| U.S. Pat. No. 7,479,890 ("the '890 Patent") | "System and Method for Analyzing Activity of a Body" | 01/20/2009 | Ex. 6 |

9. The '481 Patent, '939 Patent, '796 Patent, '331 Patent, '461 Patent, and '890 Patent are collectively referred to as the "Asserted Patents."

## ACCUSED PRODUCTS

10. Defendant makes, uses, imports, sells, or offers for sale systems or methods for detecting, evaluating, or analyzing movement of a body covered by one or more claims of the Asserted Patents, including but not limited to the Jawbone UP activity tracker and Jawbone UP mobile application (collectively, the "Accused Products"), together with any related services ("Accused Services"). The Accused Products and

Services contain systems or methods for body movement detection, body movement evaluation, body movement analysis, receiving body movement signals, analyzing body movement signals, responding to body movement signals, and remotely monitoring body movement signals.

11. Defendant controls and directs the actions of others, including end user customers, through the Accused Products and Services and their instructions, advertisements, software, and use agreements.

12. For example, according to Jawbone's advertisements, the UP product "uses a precision motion sensor and powerful algorithms to passively track and quantify your steps, distance, calories, active time, and idle time. It calculates calories burned based on your age, gender, height and weight, along with activity intensity and duration."[1] It even "[r]eminds you to move when you've been inactive for too long."[2]

13. Defendant's advertisements show that the Accused Products and Services are not only able to infringe the Asserted Patents, they are not capable of any substantial non-infringing use. They also show that Defendant intends for its customers to infringe the Asserted Patents by using the Accused Products and Services.

14. Defendant has actual knowledge of the Asserted Patents and that the Accused Products and Services infringe the Asserted Patents since at least the service of this cause of action. *In re Bill of Lading Transmission & Processing Sys. Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012) (allowing notice of indirect infringement upon service).

---

[1] https://jawbone.com/up/faq (retrieved October 25, 2013).
[2] https://jawbone.com/up (retrieved October 25, 2013).

## COUNT ONE
## PATENT INFRINGEMENT
### The '481 Patent

15. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

16. Defendant directly infringes, literally or under the doctrine of equivalents, and has infringed one or more claims of the '481 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions of the '481 Patent within the United States.

17. Defendant indirectly infringes the '481 Patent within the United States by inducement under 35 U.S.C. § 271(b).  Defendant has induced and continues to induce users of the Accused Products and Services to directly infringe one or more claims of the '481 Patent by controlling and directing, *inter alia*, the actions of users and by advertising and claiming benefits that require its customers to commit acts of infringement.

18. Defendant indirectly infringes the '481 Patent within the United States by committing contributory infringement under 35 U.S.C. § 271(c). Defendant has contributed to end-user customers' direct infringement of one or more claims of the '481 Patent by providing the Accused Products and Services which, as evidenced by Defendant's advertisements, are especially made for use in a manner infringing the '481 Patent and have no substantial non-infringing uses.

19. Defendant's infringement has harmed iLife and will continue to cause severe and irreparable damage as long as Defendant's infringing activities continue.

20. iLife is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

21. iLife is further entitled to have Defendant enjoined from committing future acts of infringement that would subject iLife to irreparable harm.

## COUNT TWO
## PATENT INFRINGEMENT
### The '939 Patent

22. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

23. Defendant directly infringes, literally or under the doctrine of equivalents, and has infringed one or more claims of the '939 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions of the '939 Patent within the United States.

24. Defendant indirectly infringes the '939 Patent within the United States by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users of the Accused Products and Services to directly infringe one or more claims of the '939 Patent by controlling and directing, *inter alia*, the actions of users and by advertising and claiming benefits that require its customers to commit acts of infringement.

25. Defendant indirectly infringes the '939 Patent within the United States by committing contributory infringement under 35 U.S.C. § 271(c). Defendant has contributed to end-user customers' direct infringement of one or more claims of the '939 Patent by providing the Accused Products and Services which, as evidenced by Defendant's advertisements, are especially made for use in a manner infringing the '939 Patent and have no substantial non-infringing uses.

26. Defendant's infringement has harmed iLife and will continue to cause severe and irreparable damage as long as Defendant's infringing activities continue.

27. iLife is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

28. iLife is further entitled to have Defendant enjoined from committing future acts of infringement that would subject iLife to irreparable harm.

## COUNT THREE
## PATENT INFRINGEMENT
### The '796 Patent

29. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

30. Defendant directly infringes, literally or under the doctrine of equivalents, and has infringed one or more claims of the '796 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions of the '796 Patent within the United States.

31. Defendant indirectly infringes the '796 Patent within the United States by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users of the Accused Products and Services to directly infringe one or more claims of the '796 Patent by controlling and directing, *inter alia*, the actions of users and by advertising and claiming benefits that require its customers to commit acts of infringement.

32. Defendant indirectly infringes the '796 Patent within the United States by committing contributory infringement under 35 U.S.C. § 271(c). Defendant has contributed to end-user customers' direct infringement of one or more claims of the '796 Patent by providing the Accused Products and Services which, as evidenced by Defendant's advertisements, are especially made for use in a manner infringing the '796 Patent and have no substantial non-infringing uses.

33. Defendant's infringement has harmed iLife and will continue to cause severe and irreparable damage as long as Defendant's infringing activities continue.

34. iLife is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

35. iLife is further entitled to have Defendant enjoined from committing future acts of infringement that would subject iLife to irreparable harm.

## COUNT FOUR
## PATENT INFRINGEMENT
### The '331 Patent

36. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

37. Defendant directly infringes, literally or under the doctrine of equivalents, and has infringed one or more claims of the '331 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions of the '331 Patent within the United States.

38. Defendant indirectly infringes the '331 Patent within the United States by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users of the Accused Products and Services to directly infringe one or more claims of the '331 Patent by controlling and directing, *inter alia*, the actions of users and by advertising and claiming benefits that require its customers to commit acts of infringement.

39. Defendant indirectly infringes the '331 Patent within the United States by committing contributory infringement under 35 U.S.C. § 271(c). Defendant has contributed to end-user customers' direct infringement one or more claims of the '331 Patent by providing the Accused Products and Services which, as evidenced by

Defendant's advertisements, are especially made for use in a manner infringing the '331 Patent and have no substantial non-infringing uses.

40. Defendant's infringement has harmed iLife and will continue to cause severe and irreparable damage as long as Defendant's infringing activities continue.

41. iLife is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

42. iLife is further entitled to have Defendant enjoined from committing future acts of infringement that would subject iLife to irreparable harm.

## COUNT FIVE
## PATENT INFRINGEMENT
## The '461 Patent

43. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

44. Defendant directly infringes, literally or under the doctrine of equivalents, and has infringed one or more claims of the '461 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions of the '461 Patent within the United States.

45. Defendant indirectly infringes the '461 Patent within the United States by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users of the Accused Products and Services to directly infringe one or more claims of the '461 Patent by controlling and directing, *inter alia*, the actions of users and by advertising and claiming benefits that require its customers to commit acts of infringement.

46. Defendant indirectly infringes the '461 Patent within the United States by committing contributory infringement under 35 U.S.C. § 271(c). Defendant has

contributed to end-user customers' direct infringement of one or more claims of the '461 Patent by providing the Accused Products and Services which, as evidenced by Defendant's advertisements, are especially made for use in a manner infringing the '461 Patent and have no substantial non-infringing uses.

47. Defendant's infringement has harmed iLife and will continue to cause severe and irreparable damage as long as Defendant's infringing activities continue.

48. iLife is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

49. iLife is further entitled to have Defendant enjoined from committing future acts of infringement that would subject iLife to irreparable harm.

## COUNT SIX
## PATENT INFRINGEMENT
### The '890 Patent

50. iLife repeats and re-alleges the allegations in the foregoing paragraphs.

51. Defendant directly infringes, literally or under the doctrine of equivalents, and has infringed one or more claims of the '890 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions of the '890 Patent within the United States.

52. Defendant indirectly infringes the '890 Patent within the United States by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users of the Accused Products and Services to directly infringe one or more claims of the '890 Patent by controlling and directing, *inter alia*, the actions of users and by advertising and claiming benefits that require its customers to commit acts of infringement.

53. Defendant indirectly infringes the '890 Patent within the United States by committing contributory infringement under 35 U.S.C. § 271(c). Defendant has contributed to end-user customers' direct infringement of one or more claims of the '890 Patent by providing the Accused Products and Services which, as evidenced by Defendant's advertisements, are especially made for use in a manner infringing the '890 Patent and have no substantial non-infringing uses.

54. Defendant's infringement has harmed iLife and will continue to cause severe and irreparable damage as long as Defendant's infringing activities continue.

55. iLife is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

56. iLife is further entitled to have Defendant enjoined from committing future acts of infringement that would subject iLife to irreparable harm.

## DEMAND FOR JURY TRIAL

57. iLife demands that all issues be determined by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff iLife Technologies, Inc. prays for relief against Defendant as follows:

A. A judgment that Defendant has infringed, induced others to infringe, and committed acts of contributory infringement with respect to the '481 Patent, '939 Patent, '796 Patent, '331 Patent, '461 Patent, and '890 Patent;

B. A judgment awarding iLife damages adequate to compensate for Defendant's infringement;

C. A permanent injunction enjoining Defendant, its officers, agents, servants, employees, representatives, licensees, successors, assigns, and all those in privity, active concert, or participation with any of them from further infringement, inducing the infringement, and contributing to the infringement of the '481 Patent, '939 Patent, '796 Patent, '331 Patent, '461 Patent, and '890 Patent;

D. Pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs; and

E. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ S. Wallace Dunwoody*
Michael C. Wilson
mwilson@munckwilson.com
Texas Bar No. 21704590
S. Wallace Dunwoody
wdunwoody@munckwilson.com
Texas Bar No. 24040838
MUNCK WILSON MANDALA, LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600
Telecopier: (972) 628-3616
ATTORNEYS FOR PLAINTIFF,
ILIFE TECHNOLOGIES, INC.